IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 05-CV-01870-LTB-BNB

AMERICAN ECONOMY INSURANCE COMPANY,
an Indiana corporation,

    Plaintiff,

v.

WILLIAM SCHOOLCRAFT, M.D., P.C., d/b/a
COLORADO CENTER FOR REPRODUCTIVE MEDICINE, P.C.,
a Colorado corporation; WILLIAM B. SCHOOLCRAFT, M.D.,
individually; LANCE J. GOFF, individually and as a parent and next
friend of M.G., a minor; ELIZABETH S. TAYLOR, individually and
as a parent and next friend of M.G., a minor; and DOES 1 through 5,

    Defendants.

---

## DEFENDANTS/COUNTERCLAIM PLAINTIFFS LANCE J. GOFF'S AND ELIZABETH S. TAYLOR'S AMENDED COUNTERCLAIMS

---

Defendants/Counterclaim Plaintiffs Lance J. Goff and Elizabeth S. Taylor, by and through their attorneys, Bradley Levin and Jeremy Sitcoff of the law firm ROBERTS, LEVIN & PATTERSON, P.C., for their Amended Counterclaims against Plaintiff/Counterclaim Defendant American Economy Insurance Company, state and alleges as follows:

### I. PARTIES AND JURISDICTION

1. Defendant/Counterclaim Plaintiff Lance J. Goff ("Goff") is an individual residing in the State of Colorado.


EXHIBIT 1

2. Defendant/Counterclaim Plaintiff Elizabeth S. Taylor ("Taylor") is an individual residing in the State of Colorado.

3. Goff and Taylor are referred to collectively herein as "Goff/Taylor."

4. Plaintiff/Counterclaim Defendant American Economy Insurance Company ("Safeco") is, upon information and belief, an affiliate of Safeco Insurance Company incorporated in the State of Indiana with its principal place of business in Indianapolis, Indiana and licensed to do business in the State of Colorado.

5. The Court has subject jurisdiction over these claims pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court also has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(a) and (c).

## II.   GENERAL ALLEGATIONS

7. Goff and Taylor are plaintiffs in a lawsuit against Center and other parties in the District Court for the City and County of Denver, Colorado, Case No. 2004-CV-7622 (the "Underlying Lawsuit").

8. In the Underlying Lawsuit, Goff/Taylor allege that Center, which held itself out as a leader in assisted reproductive technology, failed to screen

2

Goff/Taylor's egg donor for the cystic fibrosis genetic mutation and, accordingly, provided to Goff/Taylor an embryo with the cystic fibrosis genetic mutation. Goff/Taylor's daughter was born with cystic fibrosis, a severely debilitating, painful, and deadly disease which will require a lifetime of health care and rehabilitation treatment.

9. Based on various legal theories, including professional negligence, negligent misrepresentation, lack of informed consent, products liability, breach of implied warranties, failure to warn, strict products liability, nondisclosure, respondeat superior, and joint liability, Goff/Taylor's lawsuit seeks economic damages for the extraordinary medical, psychological, life care, educational, and essential service expenses associated with caring for a child with cystic fibrosis, non-economic damages for emotional distress, anguish, inconvenience, and impairment of quality of life, attorney's fees, interest, as well as the costs of litigation.

10. At the time of the incident which is the subject of the Underlying Lawsuit, Center was insured under a business liability policy issued by Safeco, Policy No. 02-BO-815657-3 (the "Safeco Policy"). The Center was also covered under a professional liability policy issued by COPIC Insurance Company ("COPIC"), Policy No. PCC002214 (the "COPIC Policy"), at the time the claims in the Underlying Lawsuit were made. The COPIC Insurance Agency served as broker for the Center for the purchase of both the Safeco Policy and the COPIC Policy.

11. Upon receipt of the complaint in the Underlying Lawsuit, COPIC undertook the defense of Center but stated to Center that, except for the claims of professional negligence and lack of informed consent, the Underlying Lawsuit was not covered under the COPIC Policy, and that COPIC would not indemnify Center for any damage award arising from the uncovered claims. COPIC advised Center that coverage for the claims not covered by the COPIC Policy should be available under the Safeco Policy.

12. Under the terms of the Safeco Policy, Center was entitled to a defense and coverage for the claims in the Underlying Lawsuit.

13. Despite its insuring obligations, after being provided with a copy of the summons and complaint in the Underlying Lawsuit, and a demand for defense and indemnification for the claims against Center, Safeco informed Center, following a delay of several months, that it would not provide a defense to or coverage for the claims in the Underlying Lawsuit.

14. Upon receipt of Safeco's coverage denial, Center wrote to Safeco asking that it reconsider its position. After a many-week delay, Safeco told Center that it was reconsidering whether it would participate in defense of the lawsuit and provide indemnity as necessary to settle the case or to satisfy any adverse judgment, and would let Center know its position in a couple of weeks.

15. Safeco failed to perform on this promise. Finally, Safeco advised Center that its position continues to be that it is under no obligation to provide a defense or coverage for the claims in the Underlying Lawsuit.

16. As a consequence of Safeco's refusal to provide a defense or coverage, Center was greatly damaged. Safeco's conduct created tremendous uncertainty and concern for the future of Center and anxiety for its principals.

17. Safeco's conduct also exposed Center to a multi-million dollar judgment in excess of the limits of the Safeco and COPIC Policies that would have resulted in its destruction and consequential harm to its principals and employees.

18. Safeco's actions also deprived Center and its principals of the opportunity to put the matters at issue behind them, and instead required Center to continue to participate in difficult and contentious litigation.

19. As a further result of Safeco's actions, Center was forced to pay substantial sums of money to protect its interests, including the hiring of attorneys and other professionals to advise it.

20. In order to protect itself from further adverse consequences, Center was left with no reasonable choice but to enter into a compromise settlement with respect to the Underlying Lawsuit.

21. Pursuant to the terms of that agreement, an arbitration was conducted before a former judge of the Colorado Court of Appeals, Judge Steve C. Briggs. Judge Briggs issued an Arbitration Decision and Award in Goff/Taylor's favor. On February 27, 2006, the trial court entered an Order confirming the Arbitration Award and entered judgment in Goff/Taylor's favor and against Center.

22. Under the terms of the agreement, Center assigned to Goff/Taylor all of its rights, title, and interest in its claims against Safeco for collection of the amount of the unsatisfied portion of the judgment on the Arbitration Award, including the right to prosecute those claims in Goff/Taylor's names in a civil action and to retain the proceeds from such an action.

### III.   FIRST CLAIM FOR RELIEF
(Breach of Contract)

23. Goff/Taylor reallege each and every allegation of their Amended Counterclaims as if fully set forth herein.

24. The Safeco Policy constitutes a contract of insurance.

25. All conditions to Safeco's obligation to perform under the contract were fulfilled and/or excused by the conduct of Safeco.

26. By its actions, as described above, Safeco breached the contract of insurance.

27. As a result of said breach, Goff/Taylor are entitled to damages in an amount to be proved at trial.

### IV.   SECOND CLAIM FOR RELIEF
(Bad Faith Breach of Insurance Contract)

28. Goff/Taylor reallege each and every allegation of their Amended Counterclaims as if fully set forth herein.

29. Safeco had duties to Center arising from the Safeco Policy's implied covenant of good faith and fair dealing, in accordance with which Safeco covenanted that it would, in good faith and in the exercise of fair dealing, deal

with Center fairly and honestly, faithfully perform its duty of representation, and do nothing to impair, interfere with, hinder or potentially injure Center's rights to receive the benefits of the Safeco Policy.

30. Safeco breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Its failure and refusal to provide a defense and coverage to Center with respect to Underlying Lawsuit;

    b. Its failure to adopt and implement reasonable standards for the prompt investigation of claims arising under the Safeco Policy;

    c. Its depriving Center of the benefits and protections of the contract of insurance;

    d. Its failure to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim;

    e. Its misrepresenting pertinent facts or insurance policy provisions relating to the coverages at issue;

    f. Its failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Safeco Policy; and

    g. Other conduct to be revealed in discovery.

7

31. As a proximate result of Safeco's actions, Goff/Taylor are entitled to damages in an amount to be proved at trial.

## V. THIRD CLAIM FOR RELIEF
### (Violation of the Colorado Consumer Protection Act)

32. Goff/Taylor reallege each and every allegation of their Amended Counterclaims as if fully set forth herein.

33. By advertising and representing that its insurance policy would afford adequate protection and security in the event of claims and other covered losses under the insurance policy, making other false and misleading statements of fact concerning the nature and extent of coverage and services provided in the insurance contract, and engaging in bad faith conduct in handling the claims asserted against Center in the Underlying Lawsuit, Safeco engaged in deceptive trade practices prohibited under C.R.S. § 6-1-105.

34. Safeco's deceptive acts include, but are not limited to:

    a. Handling the claims against Center in bad faith;

    b. Knowingly making false representations as to the characteristics and benefits of the insurance policies in violation of C.R.S. § 6-1-105(1)(e);

    c. Representing that the goods or services are of a particular standard or quality in violation of C.R.S. § 6-1-105(1)(g);

8

    d. Failing to disclose material information concerning the insurance policies at the time of the sale in violation of C.R.S. § 6-1-105(1)(u); and

    e. Other deceptive acts to be revealed in discovery.

  35. Safeco's conduct, as described above, occurred in the course of its business and significantly impacted both actual and potential consumers of its goods, services and property.

  36. Center is an actual and potential purchaser of Safeco's goods, services and property who suffered injury in fact to a legally protected interest as a result of Safeco's challenged practice.

  37. As a result of Safeco's deceptive trade practices, Goff/Taylor are entitled to damages in an amount to be proved at trial.

  38. Pursuant to C.R.S. § 6-1-113(2), Goff/Taylor are entitled to awards of treble damages, attorney's fees, and costs from Safeco.

WHERFORE, Defendants/Counterclaim Plaintiffs Lance J. Goff and Elizabeth S. Taylor pray for judgment in their favor and against Plaintiff/Counterclaim Defendant American Economy Insurance Company as follows:

  1. For compensatory damages in amounts to be proved at trial;

  2. For treble damages;

  3. For all interest, statutory and moratory, permitted by law;

  4. For attorney's fees and costs herein; and

5. For such other and further relief as this Court deems just and proper.

## DEFENDANTS/COUNTERCLAIM PLAINTIFFS LANCE J. GOFF AND ELIZABETH S. TAYLOR DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE

DATED this 29th day of March, 2006.

        Respectfully submitted:

        *s/Jeremy A. Sitcoff*
        Bradley A. Levin
        Jeremy A. Sitcoff
        ROBERTS LEVIN & PATTERSON, P.C.
        1660 Wynkoop, Suite 800
        Denver, CO 80202
        Telephone: (303) 575-9390
        bal@rlplaw.com
        jas@rlplaw.com

        ATTORNEYS FOR DEFENDANTS/
        COUNTERCLAIM PLAINTIFFS LANCE J. GOFF
        AND ELIZABETH S. TAYLOR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2006, I electronically filed a true and correct copy of the foregoing **DEFENDANTS/COUNTERCLAIM PLAINTIFFS LANCE J. GOFF'S AND ELIZABETH S. TAYLOR'S AMENDED COUNTERCLAIMS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Keith D. Lapuyade    lapuyade@godlap.com
Lawrence D. Stone    lstone@duffordbrown.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

N/A

s/Jeremy A. Sitcoff
Jeremy A. Sitcoff
ROBERTS LEVIN & PATTERSON, P.C.
1660 Wynkoop, Ste. 800
Denver, CO 80202
Telephone: (303) 575-9390
Facsimile: (303) 575-9385
jas@rlplaw.com

ATTORNEYS FOR DEFENDANTS/
COUNTERCLAIM PLAINTIFFS LANCE J.
GOFF AND ELIZABETH S. TAYLOR

11