IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 05-cv-01870-LTB-BNB

AMERICAN ECONOMY INSURANCE COMPANY, an Indiana corporation,

    Plaintiff,

v.

WILLIAM SCHOOLCRAFT, M.D., P.C., d/b/a COLORADO CENTER FOR REPRODUCTIVE MEDICINE, P.C., a Colorado corporation; WILLIAM B. SCHOOLCRAFT, M.D., individually; LANCE J. GOFF, individually and as parent and next friend of M.G., a minor; ELIZABETH S. TAYLOR, individually and as parent and next friend of M.G., a minor,

    Defendants.

_____

ORDER
_____

The plaintiff, American Economy Insurance Company ("American"), moves for joinder of two additional parties. Defendants Lance J. Goff and Elizabeth S. Taylor move for leave to amend their counterclaims to include claims for punitive damages. The motions are adequately briefed and oral argument would not materially aid their resolution.

Given the opportunity to respond to American's motion for joinder, none of the defendants have done so. American initiated this declaratory judgment action after it declined to tender a defense on behalf of its insureds, Colorado Center for Reproductive Medicine, P.C. ("Center") and Doctor William Schoolcraft, in a lawsuit in state court filed by Mr. Goff and Ms. Taylor. American states that two other doctors, Eric S. Surrey and Debra K. Minjarez, also are defendants in the state court action and are insured under its policy, which it here asks this Court to interpret. American has also declined to tender a defense for Doctors Surrey and Minjarez.

Therefore, American asserts against the Center and Doctors Schoolcraft, Surrey, and Minjarez a right to relief arising out of the same series of transactions, namely execution and operation of an insurance policy, and common questions of law and fact are likely to arise out of determination of their respective rights and obligations. Joinder is proper under Fed. R. Civ. P. 20.

Mr. Goff and Ms. Taylor seek exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. Subsection 1.5(a) of that statute provides that exemplary damages claims may not be included in the initial claim for relief but rather may be added by amendment of the pleadings after the exchange of initial disclosures pursuant to Rule 26 and upon a *prima facie* showing by the claimant of a triable issue. After the parties have fulfilled their obligations under Fed. R. Civ. P. 26(a)(1), American, Mr. Goff, and Ms. Taylor shall brief the question whether Mr. Goff and Ms. Taylor can demonstrate a triable issue of entitlement to exemplary damages.

Accordingly, it is ORDERED that:

1) the motion of Mr. Goff and Ms. Taylor for leave to file second amended counterclaims [44] is HELD IN ABEYANCE pending completion of Rule 26(a)(1) disclosures and further briefing;

2) American's motion for joinder of parties [43] is GRANTED.

Dated: May __24__, 2006, in Denver, Colorado.

BY THE COURT:

　s/Lewis T. Babcock　
Lewis T. Babcock, Chief Judge