IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 05-cv-01870-LTB-BNB

AMERICAN ECONOMY INSURANCE COMPANY, an Indiana corporation,

    Plaintiff,

v.

WILLIAM SCHOOLCRAFT, M.D., P.C., d/b/a COLORADO CENTER FOR
REPRODUCTIVE MEDICINE, P.C., a Colorado corporation,
WILLIAM B. SCHOOLCRAFT, M.D., individually,
LANCE J. GOFF, individually, and as a parent and next friend of M.G., a minor,
ELIZABETH S. TAYLOR, individually and as parent and next friend of M.G., a minor; and
DOES 1 through 5,

    Defendants.
_____

ORDER
_____

This matter is before me on Defendants/Counterclaim Plaintiffs Lance J. Goff's and Elizabeth S. Taylor's Motion for Leave to File Second Amended Counterclaims **[Doc # 44]** against Plaintiff/Counterclaim Defendant American Economy Insurance Company ("American Economy"), related to Goff and Taylor's request to add a claim for punitive/exemplary damages. Oral argument would not materially assist me in my determination. After consideration of this motion, as well as all related pleadings, I GRANT Goff and Taylor's motion.

**I. Background**

The following facts are taken from the complaint. Defendants William Schoolcraft, M.D. and Colorado Center for Reproductive Medicine, P.C. (collectively, "CCRM") maintain that American Economy owes them a defense and indemnification up to the limits in their insurance

policy related to a lawsuit filed in state court against CCRM by Goff and Taylor for damages regarding in-vitro fertilization services provided by CCRM. American Economy subsequently filed this lawsuit – pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et. seq*. – seeking a declaration that it had no duty to provide a defense or indemnification to CCRM related to the underlying litigation. In response, Goff and Taylor filed counterclaims for breach of contract, bad faith breach of insurance contract, and violations of the Colorado Consumer Protection Act, § 6-1-101, *et. seq.* Subject matter jurisdiction of this case is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Thereafter, on May 1, 2006, Goff and Taylor filed this motion seeking leave to amend their counterclaims in order to add a request for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. On May 24, 2006, I held the motion at issue in abeyance pending completion of Fed. R. Civ. P. 26(a)(1) disclosures and further briefing on the question of whether Goff and Taylor could demonstrate a triable issue of entitlement to exemplary damages. On November 6, 2006, after a five month period for discovery, I vacated my previous order holding the motion in abeyance and ordered additional briefing from the parties.

## II.  Applicable Law

As an initial matter, the parties disagree as to whether Colo. Rev. Stat.§ 13-21-102(1.5)(a) – which provides that exemplary damages "may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes *prima facie* proof of a triable issue" – is applicable here, or, alternatively, whether my determination is governed solely by Fed. R. Civ. P. 15(a), which provides that leave to amend shall be freely given when justice so requires.

There is minimal authority as to the applicability of § 13-21-102(1.5)(a) to federal courts sitting in diversity and applying Colorado law, as is the case here. Goff and Taylor point me to a cursory ruling, made by me in an unpublished opinion, that indicates that § 13-21-102(1.5)(a) dictates procedural requirements in state court which, in turn, would not apply to a matter in federal court. *See e.g. Hamilton v. Matrix Logistics, Inc,* 2006 WL 318662, pg. 3 (D. Colo. Feb. 9, 2006)(not selected for publication)(federal question jurisdiction). However, in *Witt v. Condominiums at the Boulders Ass'n*, 2006 WL 348086 (D. Colo. Feb. 13, 2006), which is also an unpublished opinion, a different judge of this court determined that § 13-21-102(1.5)(a) applied to federal courts. *See also Micale ex rel. Charles A. Micale Irrevocable Insurance Trusts v. Bank One N.A.,* 2006 WL 1222330 (D. Colo., May 5, 2006); *Hartshorn Properties, LLC v. BNSF Ry. Co.,* 2006 WL 3618292 (D. Colo. Dec. 7, 2006)(not selected for publication).

My research reveals no Tenth Circuit authority addressing the issue, and only one relevant published opinion from this court. In *Jones v. Krautheim*, 208 F. Supp. 2d 1173, 1179 (D. Colo. 2002), the court concluded that Colo. Rev. Stat. § 13-64-302.5(3), which governs statements of exemplary damages against health care providers, applies in federal court. The statute at issue there, like § 13-21-102(1.5)(a), forfends a statement for exemplary damages in the original complaint and allows addition of the statement by amendment only after some discovery and only if the moving party demonstrates *prima facie* proof of a triable issue. Colo. Rev. Stat. § 13-64-302.5(3).

The court in *Jones v. Krautheim, supra,* applied the two-part test for deciding whether a state law with procedural impact should apply in federal diversity actions, as articulated in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), which states as follows:

3

> The *Hanna* test requires a court to first determine whether the state law in question directly conflicts with a federal rule of civil procedure. If there is a direct conflict, the federal procedural rule applies and the state provision does not. If there is no direct conflict between the state statute and a federal rule, then a court must consider *Erie's* [*Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)] twin goals of discouraging forum shopping and avoiding inequitable administration of the law.

208 F.Supp.2d at 1175. After applying the test, the court concluded that the provisions of Colo. Rev. Stat. § 13-64-302.5(3) did not directly conflict with any particular Federal Rule of Civil Procedure or the Federal Rules as a whole and, moreover, that the twin aims of *Erie R.R. Co. v. Tompkins* were best satisfied by applying the Colorado statute. *Id.* (relying on the analysis set forth in *Trierweiler v. Croxton and Trench Holding Corp.,* 90 F.3d 1523 (10th Cir.1996)); *see also Hartshorn Properties v. BNSF Ry., supra,* 2006 WL 3618292 (ruling the same as to Colo. Rev. Stat. § 13-21-102(1.5)(a)). I find the reasoning and analysis of *Jones v. Krautheim, supra*, persuasive and relevant here. As a result, I conclude that the provisions of Colo. Rev. Stat. § 13-21-102(1.5)(a) are applicable to the determination of whether Goff and Taylor can amend their counterclaims to add a claim for exemplary damages in this case.

### III. Analysis

As set forth above, Colo. Rev. Stat. § 13-21-102(1.5)(a) prohibits parties from including a claim for exemplary damages in an initial claim for relief. The statute requires that such claim may be added by amendment to the pleadings only after the exchange of initial disclosures, and only if the party "establishes *prima facie* proof of a triable issue." Colo. Rev. Stat. § 13-21-102(1.5)(a). The existence of a triable issue on liability for exemplary damages is established by showing a reasonable likelihood that the issue will ultimately be presented to the jury for resolution. *Leidholt v. District Court*, 619 P.2d 768, 771 N.3 (Colo. 1980).

First, the parties do not dispute that their discovery disclosures have now been completed. In fact, I held this motion in abeyance after it was first filed so that the parties would, in fact, have time to engage in initial discovery. As a result, the question here is whether Goff and Taylor can establish *prima facie* proof, now that they have exchanged discovery, of a triable issue related to its claim for exemplary damages. Specifically, whether they can make out a *prima facie* case that American Economy's actions resulted in injury "attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). Willful and wanton conduct, as relevant here, "means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others . . .". Colo. Rev. Stat. § 13-21-102(1)(b).

Goff and Taylor claim that American Economy's "change of position" related to its responsibility for coverage under the policy is "the most significant evidence" demonstrating willful and wanton disregard related to its obligation to provide at least a defense to its insured, CCRM. Goff and Taylor refer me to the allegation that American Economy first took the position, after a several month delay, that it was not responsible to provide coverage for CCRM. However, after being asked to reconsider the initial denial, and an additional delay of several months, American Economy then indicated that it would "participate in the defense of [the underlying] case under a reservation of rights." American Economy then re-assigned the matter to a different adjuster who – although aware that CCRM had been advised that American Economy would provide them a defense subject to a reservation of rights – subsequently sent a letter over five weeks later indicating that it was not obligated under the policy to provide a defense or coverage for CCRM in the underlying suit. Goff and Taylor note that American

5

Economy's claims adjusters testified in their depositions that all of the actions they took were deliberate.

Goff and Taylor argue that this change of position constitutes evidence that American Economy recognized, at least at some point, that coverage was possible or, at the very least, arguable when it agreed to provide a defense under a reservation of rights.  Under Colorado law, an insurer has a duty to defend where a complaint against its insured alleges any facts that might fall within the coverage of the policy, even if allegations only "potentially or arguably" fall within the policy's coverage.  *See Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 502 (Colo. 2004).  As a result, Goff and Taylor contend that American Economy's reversal evidences a "wholesale disregard of its insured's rights to a defense under the policy."  Goff and Taylor also provide me with expert opinion reports that indicate that American Economy's actions were unreasonable and contrary to generally accepted insurance industry practices, and they represent a willful and purposeful failure to provide the policy benefits to which its insured, CCRM, was rightfully entitled.

This evidence, when viewed in the light most favorable to Goff and Taylor, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of amending their claims to seek exemplary damages.  As I noted in *Hartshorn Properties v. BNSF Railway, supra*, I am concerned here only with the preliminary question of whether Goff and Taylor have made a *prima facie* case under § 13-21-102(1.5)(a), not with summary judgment.  As such,  I agree that American Economy's change of position demonstrates a *prima facie* case of heedless or reckless disregard to the consequences or the rights of the insured.  *See Coors v. Security Life of Denver Ins. Co.,* 112 P.3d 59, 66 (Colo. 2005)(in the context of § 13-21-102, willful and wanton is

"conduct purposefully committed which the actor must have realized was done heedlessly and recklessly without regard to consequences or the rights of the plaintiff")  Therefore, I conclude that Goff and Taylor have established *prima facie* proof of a triable issue sufficient to support amendment of its counterclaims to add a claim for exemplary/punitive damages.

Accordingly, it is HEREBY ORDERED that Defendants/Counterclaim Plaintiffs Lance J. Goff's and Elizabeth S. Taylor's Motion for Leave to File Second Amended Counterclaims **[Doc #44]** is GRANTED.

Dated: January   16  , 2007,  in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge